CRAIN, Judge.
This is an appeal from a judgment in favor of the plaintiff, Johnny W. Howell, finding him free from fault in an automobile accident and granting him damages against Dorothy Mae Watts and her insurer.
FACTS
The accident occurred on Church Street in Hammond, Louisiana, on October 2, 1987. Church Street runs generally in an east-west direction. About 80 feet west of the intersection of Church Street with North Morrison Boulevard, there is a private drive located on the south side of Church Street which furnishes ingress and egress into and from Church Street and two lots belonging to Durham Pontiac and Dixie Used Cars. At that point, Church Street is two-laned, with the beginning of a turn lane for vehicles travelling east on Church Street wanting to turn north on North Morrison. The turn lane is preceded for a short distance by a barrier lane which merely warns vehicles of the approaching turn lane. The barrier lane is yellow striped for that purpose. At that point, there is a double yellow line separating the east and west lanes of Church Street which indicates no passing.
Plaintiff had been to the Durham Pontiac lot to look at a truck. He was accompanied by Kenneth Dykes. He wanted to exit the private drive located on the south side of Church Street and turn left to proceed west on Church Street. To do this he had to cross the east bound lane of Church Street and a portion of the barrier lane to enter the west bound lane of Church Street.
As plaintiff was attempting to make this maneuver, the traffic light located at the intersection of North Morrison Boulevard and Church Street had stopped traffic heading east on Church Street. There was apparently a long line of cars backed up from the traffic signal. The unknown driver of a car headed east on Church Street stopped at the entrance of the private drive where plaintiff was located, leaving a gap between his vehicle and the vehicle ahead. He then motioned plaintiff to cross the east bound lane of Church Street in front of his car and enter the west bound lane. Plaintiff cheeked the west bound lane to ascertain if it was safe to proceed. Finding the west bound lane clear, he proceeded to cross. When he got to the barrier lane he collided with the vehicle being driven by Dorothy Mae Watts. She had been located either one or two cars behind the vehicle which had let plaintiff through. Since she intended to turn left on Morrison, she pro *346 ceeded to pass the car or cars in front to get to the left turn lane. To do this, she crossed the double yellow no passing line and entered the prohibited barrier lane.
As a result of the accident, a suit was filed by Watts against Howell and his insurer, Champion Insurance Company. A separate suit was filed by Howell against Watts and her insurer, State Farm Mutual Automobile Insurance Company (State Farm). In that suit, State Farm reconvened against Howell and Champion for collision damages paid to the insured, Watts.
The suits were consolidated for trial. After trial, the trial judge rendered judgment in favor of Howell against Watts and State Farm. Although the judgment carries the caption of the consolidated cases it makes no disposition of the suit filed by Watts against Howell nor of the reconventional demand filed by State Farm. The reasons for judgment do indicate the trial judge found Watts to be totally at fault.
Watts and State Farm appeal urging in a single assignment of error that the trial court erred in apportioning 100% fault to Watts when Howell had the greater duty.
The facts related above were largely undisputed. The question then becomes whether, given these facts, the trial court was legally wrong in assessing 100% fault to Watts. Defendants cite La.R.S. 32:124 as a basis for finding the trial court committed legal error. That statute provides that a person about to enter or cross a highway from a private drive “shall yield the right of way to all approaching vehicles so close as to constitute an immediate hazard.” The statute does not mandate a finding of negligence in all collisions between a motorist entering from a private drive and one travelling on a main street or highway. The statute specifically provides that the entering vehicle must yield only to those close enough to constitute an immediate hazard. Thus, in Irving v. State Farm Mut. Auto. Ins. Co., 517 So.2d 868 (La.App. 3d Cir.1987), the left turning, entering motorist was found free of negligence where the evidence indicated the entering motorist had sufficient time to make the turn.
In this case, the plaintiff was required to make reasonable observations for traffic legally approaching on Church Street to determine whether he could safely enter the street and turn left. From the facts presented, his observations would have resulted in the conclusion that traffic in the east bound lane of Church Street was stopped, and there was no traffic approaching in the west bound lane. When he started his entry, he could not anticipate that an east bound motorist would unlawfully leave the east bound lane and cause a collision at a point where his only concern should have been for west bound traffic. Under these circumstances, we cannot say the trial court erred in assessing 100% negligence to the illegally passing motorist.
Accordingly, we affirm the judgment in CA 89-2099, Johnny Wayne Howell v. State Farm Mutual Automobile Insurance Company and Dorothy Mae Watts, and assess all costs to defendants. Since there is no judgment making any disposition of CA 89-2100, there is no appeal in that case.
AFFIRMED.